**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

v.

(1) Martin Carrillo-Acevedo,
(2) Richard Lee Ramirez-Lara,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 05-92 ADM/AJB

---

Christian S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Thomas Harold Shiah, Esq., Law Offices of Thomas H. Shiah, Minneapolis, MN on behalf of Defendant Richard Lee Ramirez-Lara..

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Richard Lee Ramirez-Lara ("Ramirez-Lara" or "Defendant") [Docket No. 51] to the April 25, 2005 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Docket No. 50]. Judge Boylan's R&R also addressed the suppression motion of Ramirez-Lara's co-defendant, Martin Carrillo-Acevedo ("Carrillo-Acevedo"). Carillo-Acevedo did not file Objections and the R&R is adopted in its entirety as it applies to him.

The R&R concluded that: (1) probable cause existed to stop and search the Jeep Cherokee and suppression of evidence obtained as a fruit of the vehicle search was not required; (2) evidence obtained from Defendants' residence at 11 Congress Street East, St. Paul, Minnesota was seized pursuant to a valid search warrant supported by probable cause and need not be suppressed; and (3)

severance of co-defendants was not required. Ramirez-Lara objects to each of these recommendations. The factual and procedural background in this matter is set forth in the R&R. As there are no objections to the R&R's factual findings, they are incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, <u>de novo</u>, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> D. Minn. LR 72.1(c)(2).

Defendant generally objects to each of the R&R's conclusions but does not offer specific grounds for his objections. Defendant objects to the R&R's recommendation that his motion to suppress evidence seized from 11 Congress Street East, St. Paul, Minnesota and from the Jeep Cherokee at the time of his arrest be denied. Ramirez-Lara also objects to the recommendation that his motion for severance be denied. Each of these objections will be addressed in turn.

**A.     Vehicle Stop and Search**

Suppression of methamphetamine found in a Pringles container inside the Jeep Cherokee is not required. Sufficient probable cause existed to lawfully stop the vehicle and arrest Ramirez-Lara based on evidence that Defendants had sold drugs to a confidential reliable informant (CRI) in December 2000. Furthermore, shortly before the vehicle was stopped, the CRI relayed to police a contemporaneous cell phone conversation in which Carrillo-Acevedo stated he was "out to do work,"

which officers believed meant engage in a drug delivery.  As the R&R correctly notes, "[w]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."  R&R at 4, quoting United States v. Alaniz-Montano, 404 F.3d 1101, 1103 (8th Cir. 2005) (quoting New York v. Belton, 453 U.S. 454, 460 (1981)).  As part of a lawful search incident to arrest, officers may search any containers within the passenger compartment, since such containers would have been within the reach of the vehicle occupants.  United States v. Poggemiller, 375 F.3d 686, 687 (8th Cir. 2004) (citing Belton, 453 U.S. at 460).  Removal of the Defendants from the vehicle does not alter their status as occupants or restrict the permissible bounds of the search.  Alaniz-Montano, 404 F.3d at 1103 (citing Poggemiller, 375 F.3d at 687).  As a result, search of the Jeep Cherokee was a lawful search incident to arrest and suppression of evidence obtained as a result of that search is not required.

**B.    Search Warrant**

The R&R correctly concluded suppression of evidence obtained pursuant to a warrant to search the residence described as 11 Congress Street East, St. Paul, Minnesota, and any garages and or storage areas associated with this address is not required.  The issuance of the residential search warrant was supported by sufficient probable cause as set forth in the affidavit of Officer Luis Porras and as determined by Ramsey County District Court Judge Greg Johnson.  The warrant appropriately and sufficiently identified the location of the search and the items to be seized.  As a result, the search warrant was not unlawfully obtained in violation of Ramirez-Lara's constitutional rights and suppression of cocaine found in a wall cavity of the residence is denied.

**C.     Severance**

Under Rule 8(b) of the Federal Rules of Criminal Procedure, two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." As the R&R correctly notes, "there is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Although severance is appropriate if it appears that a defendant is prejudiced by a joinder of defendants at trial, such a severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539; see Fed. R. Crim. P. 14.

Ramirez-Lara and Carrillo-Acevedo were both indicted on charges of aiding and abetting one another in the distribution of cocaine, possession with intent to distribute methamphetamine, and possession with intent to distribute cocaine. Ramirez-Lara baldly asserts he would be prejudiced by a joined trial and that such a trial would violate his right to due process. However, as the R&R notes, nothing in the factual record indicates how Ramirez-Lara is prejudiced by joinder with Carrillo-Acevedo or that a jury would be unable to distinguish and apply the evidence relating to one defendant or count from evidence relating to the other defendant or count. As a result, Defendant is unable to overcome the preference for joinder in cases of this nature and severance of Ramirez-Lara is not required.

4

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's R&R as to Richard Lee Ramirez-Lara [Docket No. 50] is **ADOPTED**;

2. Defendant Ramirez-Lara's Motion to Suppress Evidence Obtained as a Result of any Illegal Searches [Docket No. 34] is **DENIED**;

3. Defendant Ramirez-Lara's Motion for Severance [Docket No. 40] is **DENIED**;

4. Defendant Ramirez-Lara's Objections [Docket No. 51] are **DENIED**;

5. Judge Boylan's R&R as to Martin Carrillo-Acevedo [Docket No. 49] is **ADOPTED**;

6. Defendant Carrillo-Acevedo's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 30] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 18, 2005.